**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TINA L. DAVIS,                                         Case No. 1:14-cv-804

      Plaintiff,

                                     Black, J.

      v.                                                    Bowman, M.J.

BUTLER COUNTY SHERIFF,

      Defendant.


**REPORT AND RECOMMENDATION**


On October 14, 2014, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or

arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).  Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not

contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Allegations Of Complaint

Plaintiff has named three Defendants to her suit: (1) the Butler County Sheriff; (2) Undercover Officer Hollingsworth; and (3) State of Ohio Attorney General Mike DeWine. Based on the Defendants' alleged violations of her civil rights, she seeks 785 million dollars in damages.

In a typed "Statement of Claim" attached to the complaint form, Plaintiff alleges that her civil rights were violated during the course of a "raid" by the Butler County Sheriff on a house that she owns in Hamilton, Ohio. (Doc. 1-1 at 5). Plaintiff lives at a different residence, but upon receiving a call from her daughter about the raid, she borrowed her boyfriend's car and proceeded to her house in Hamilton. Upon arrival, she observed officers in front of her house. She exited the car and allegedly locked it, leaving her purse and cell phone inside the vehicle. (*Id.*). She was "very upset that the undercovers are in my House," but the officers informed her that they had a search warrant. (*Id.*). She read the warrant and "said this is (BS)" whereupon Officer Hollingsworth asked if she had a gun and summoned a female officer to search her. (*Id.*). The officers then placed her in the back of a police vehicle while they completed the search. They subsequently advised her that they located "a lot" of drugs and were

taking her to Butler County Sheriff's Office, where she was read her Miranda rights and questioned.  Somewhat confusingly, the complaint also alleges that "[w]hen I was arrested at my House 330 East Ave my meranda [sic] rights where not readed [sic] to me." (Doc. 1-1 at 6-7).  Plaintiff alleges that she explained that the drugs were not hers but police charged her anyway with trafficking and possession.  The trafficking charge was dropped after a preliminary hearing, but the grand jury "sent the Possession back to the Lower Courts." Only "after weeks" of discussions did the prosecutor agree to dismiss all charges against her.  (Doc. 1-1 at 8).

### III.  Analysis of Claims

Applying the relevant screening standards, the undersigned recommends that Plaintiff's complaint be dismissed in its entirety for lack of jurisdiction, because it fails to state a claim against any Defendant upon which relief may be granted.

### A.  No Claim Stated Under 42 U.S.C. §1983

Plaintiff generally alleges a violation of her civil rights, and more specifically alleges malicious prosecution, abuse of process, malice and negligence.  To state a civil rights claim under 42 U.S.C. §1983, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Hines v. Langhenry*, 462 Fed. Appx.  500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).  A plaintiff must allege that each named defendant acted under color of state law and violated the plaintiff's civil rights. *Smith v. Williams-Ash,* 520 F.3d 596, 599 (6th Cir 2008).

4

Plaintiff has failed to state any viable claim pursuant to 42 U.S.C. §1983 for multiple reasons: (1) allegations of negligence are insufficient; (2) Plaintiff's allegations fail to state a claim for malicious prosecution or abuse of process; (3) Plaintiff fails to include allegations to show that any of the three Defendants personally violated any of her rights; and (4) Defendants are entitled to qualified immunity. Additionally, Plaintiff fails to show any basis for this Court's jurisdiction other than a claim that her civil rights were violated.

Plaintiff's allegations of negligence fall short of stating any claim under 42 U.S.C. §1983. *See Collier v. Austin Peay State University*, 616 F. Supp2d 760, 775 (M.D. Tenn. 2009)(discussing case law and holding that claims based upon negligence generally "do not involve the violation of rights secured by the Constitution and laws of the United States").

Second, Plaintiff's allegations fail to state any claim for malicious prosecution or abuse of process. The Sixth Circuit recognizes malicious prosecution as a constitutional claim under the Fourth Amendment, which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d at 308 (citing *Wallace v. Kato*, 549 U.S. 384, 390, (2007)). However, in order to succeed on a malicious prosecution claim under § 1983, when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove that: (1) a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of a legal proceeding, the plaintiff suffered a

deprivation of liberty under the Fourth Amendment, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id.*

On the facts alleged, Plaintiff has failed to make out a malicious prosecution claim. Her complaint alleges that the Butler County police conducted a search of a home that she owned pursuant to a search warrant, and that they discovered drugs at the home. There is no indication that the warrant was facially invalid. None of Plaintiff's allegations remotely establish any type of malice. She argues that the officers should not have charged her personally with any drug offense because she told them that the drugs were not hers. However, she also admits that the grand jury found probable cause for the possession charge against her. As to the original trafficking charge, the Sixth Circuit has held that "where no probable cause exists to arrest a plaintiff for a particular crime, but … probable cause exists to arrest that plaintiff for a related offense, the plaintiff cannot prevail in a suit alleging wrongful arrest brought pursuant to 42 U.S.C. § 1983." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 676 (6th Cir. 2005)(citing *Avery v. King,* 110 F.3d 12, 14 (6th Cir.1997)). Apparently Plaintiff believes that because both charges ultimately were dismissed by the prosecution prior to trial, she should never have been charged in the first place. However, the existence of probable cause for issuance of the warrant and the subsequent grand jury proceedings establish probable cause for her initial arrest and prosecution, and defeat any possible §1983 claim for malicious prosecution.

For similar reasons, Plaintiff's allegations fail to establish any §1983 claim for "abuse of process," assuming such a claim is cognizable under §1983. The elements of any possible federal claim are presumed to mirror the elements under state law, and

require that a legal proceeding "has been perverted to attempt to accomplish an ulterior purpose for which it was not designed," and that "direct damage has resulted from the wrongful use of process." *Voyticky*, 412 F.3d at 676. The complaint in this case fails to allege that Plaintiff's proceeding was "perverted" in any sense for the achievement of some "ultimate purpose." *Id.* at 677.

The third reason that Plaintiff's complaint fails to survive initial screening is that she simply does not specifically allege much individual conduct by any of the three named Defendants – and the conduct that is alleged falls short of supporting any constitutional violation. Plaintiff alleges that the Butler County Sheriff conducted the raid pursuant to a presumably valid search warrant. That single allegation does not support any possible claim against the Sheriff, and no additional allegations reference that Defendant. Similarly, no allegations at all reference Attorney General Mike DeWine. Next to her identification of the Butler County Sheriff as a Defendant, Plaintiff has written, "(undercover Officer Hollingsworth)," suggesting that she may be relying upon a theory that the Sheriff is responsible for Defendant Hollingsworth's involvement. (Doc. 1-1 at 2). To the extent that either the Sheriff or the Attorney General has been named in some type of supervisory capacity, Plaintiff's allegations fail to state a claim against either Defendant under §1983. *See Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012)(holding that §1983 liability cannot be premised on theory of *respondeat superior*); *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982). While Plaintiff alleges more involvement by Defendant Hollingsworth, her allegations against that Defendant also fail to state any viable §1983 claim. Essentially, she has alleged only that the officer had a warrant to search her home, that she was arrested and

charged with drug offenses [presumably by the Defendant] only after "a lot" of drugs were found in the home, and that a grand jury found probable cause to indict her on the possession charge.  The fact that charges were eventually dismissed does not alter the conclusion that the officer did not violate Plaintiff's rights when he initially determined that there was probable cause to arrest her and charge her.

The fourth reason for dismissal of Plaintiff's complaint builds on the prior analysis.  For the reasons previously discussed, each of the three individual Defendants is entitled to qualified immunity for his actions in effecting the search and Plaintiff's arrest, as well as in any subsequent involvement in the brief prosecution of charges against Plaintiff.

> Section 1983 claims are limited by the qualified immunity exception, such that a government employee will be shielded from liability so long as the employee acted under the objectively reasonable belief that his or her actions were lawful. *Harlow v. Fitzgerald*, 457 U.S. 800, 815–19, 102 S.Ct. 2727, 2736–39, 73 L.Ed.2d 396 (1982). A successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his or her constitutional rights, *id.* at 815, 102 S.Ct. at 2737, such that mere negligence or recklessness is insufficient.  Accordingly, to successfully remove the cloak of qualified immunity from Defendants, [Plaintiff] must establish that Defendants' conduct of the investigation fell below an objective standard of reasonableness.

*Ahlers v. Schebil*, 188 F.3d 365, 372-73 (6th Cir. 1999).  In short, Plaintiff's allegations fail to state any claim under §1983, and the three Defendants would be entitled to qualified immunity for their conduct based on the allegations contained in the complaint.

### B.  No Alternative Basis for Federal Jurisdiction

Plaintiff bears the burden of proving subject matter jurisdiction.  *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications*, Inc., 123 F.3d 935, 938 (6th Cir. 1997)).

The civil cover sheet attached to the complaint identifies no particular basis for this Court's jurisdiction (Doc 1-2), but the complaint itself identifies the basis of jurisdiction as 28 U.S.C. §1331. (Docs. 1-1). Under "Nature of Suit" on the civil cover sheet, Plaintiff has identified a breach of contract involving personal property damage, a "civil rights" suit involving an unidentified statutory basis for the claim, and/or a "prisoner petition" alleging a violation of civil rights. (Doc. 1-2). In a third section of the same form, Plaintiff identifies her causes of action as "malicious prosecution, malice, abuse of process, negligence." (*Id.*).

Based upon Plaintiff's identification of the basis for subject matter jurisdiction and her claims, the Clerk of Court reasonably construed and docketed the complaint as arising under 42 U.S.C. §1983. However, as discussed above, no §1983 claim has been stated, and no other conceivable basis for federal jurisdiction exists. Plaintiff has failed to state any claim against any Defendant, even when all allegations are construed in the light most favorable to Plaintiff. *Pro se* complaints are held to a less rigorous standard than those drafted by attorneys, but the court is not required to discover or create a claim that is not pleaded. *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011); *see also Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). A plaintiff is still required to plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

### III. Conclusion and Recommendation

For the reasons stated, because this Court lacks jurisdiction over the construed complaint and because Plaintiff fails to state a claim against any Defendant, IT IS

RECOMMENDED THAT this case be dismissed with prejudice and closed, pursuant to 28 U.S.C. §1915(e).

 _s/ Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TINA L. DAVIS,                                                    Case No. 1:14-cv-804

        Plaintiff,

                                                             Black, J.
        v.                                                         Bowman, M.J.

BUTLER COUNTY SHERIFF,

        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).